# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISON

LAWRENCE ALLEN DAVIS; PRO SE.
PETITIONER

V.

STATE ATTORNEY, ET AL
OFFICE OF THE STATE ATTORNEY
220 EAST BAY STREET, 6TH FLOOR
JACKSONVILLE, FLORIDA 32202.
STATE OF FLORIDA
RESPONDENT'S

U.S. DISTRICT COURT CASE NO: TBD.
3:26-CV-10-JEP-SJH
LOWER STATE TRIBUNAL CASE NO:
24-CF-1148
CIRCUIT COURT IN THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL ACTION DOCKETED PURSUANT TO:
28 U.S.C. § 41(1). 28 U.S.C. § 1331.
CLERK RECORDS LAST FOUR SSN: 7242.

## EMERGENCY PETITION FOR DECLARATORY JUDGMENT THAT STATE PROSECUTION WOULD BE ILLEGAL

PURSUANT TO THE STATUTORY AUTHORITY ENACTED BY CONGRESS OF 28 U.S.C. § 2201 AND 28 U.S.C. § 2202, PETITIONER HEREBY INVOKES THE COURT SUBJECT-MATTER AND PERSONAL JURISDICTION UNDER 28 U.S.C. § 1331 AND SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367 ON PENDENT PARTY STATE CLAIMS UNDER FLA. R. CRIM. P. 3.191 (A)(Y)\SPEEDY TRIAL PROVISION IN ACCORDANCE TO 28 U.S.C. § 1652 AND 28 U.S.C. § 91(1) COMMON-LAW AUTHORITY IN ALL SUITS OF AN CIVIL NATURE. 28 U.S.C. § 41(Y). VENUE IS PROPER IN THIS COURT PURSUANT TO 28 U.S.C. § 1391 (B)(1), (2). UNDER 28 U.S.C. § 2201, DECLARATORY JUDGMENT ACT WHICH STATES IN PART, " ANY COURT OF THE UNITED STATES, UPON THE FILING OF AN APPROPRIATE PLEADING, MAY DECLARE THE RIGHTS AND OTHER LEGAL RELATIONS OF ANY INTERESTED PARTY SEEKING SUCH DECLARATION, WHEATHER OR NOT FURTHER RELIEF IS OR COULD BE SOUGHT. ANY SUCH DECLARATION SHALL HAVE THE FORCE AND EFFECT OF A FINAL JUDGMENT OR DECREE AND SHALL BE REVIEWABLE AS SUCH."

PAGE 1.

ARTICLE III DENIES FEDERAL COURTS THE POWER "TO DECIDE QUESTION(S) THAT CANNOT AFFECT THE RIGHT(S) OF LITIGANT(S) IN CASE BEFORE THEM, AND CONFINES THEM TO RESOLVING "REAL AND SUBSTANTIAL CONTROVERSIES ADMITTING OF SPECIFIC RELIEF THROUGH A DECREE OF A CONCLUSIVE CHARACTER, AS DISTINGUISHED FROM AN OPINION ADVISORY WHAT THE LAW WOULD BE UPON HYPOTHETICAL STATE OF FACTS." CITING CASELAW: LEWIS V. CONT'L BANK CORP., 499 U.S. 472

THEREFORE, EXISTENCE OF ACTUAL CONTROVERSY BETWEEN PARTIES IS NECESSARY AND PROPER TO SUSTAIN JURISDICTION UNDER CONSTITUTION AND DECLARATORY JUDGMENT ACT, 28 U.S.C.S. § 2201. MINE SAFETY APPLIANCE CO V. ENERGETICS SCIENCE, INC 416 F. SUPP. 530, 1976 U.S. DIST LEXIS 14393.

A KEYSTONE OF DECLARATORY JUDGMENT RELIEF IS THUS DEPENDENT ON CONSTITUTIONAL AND STATUTORY COMMAND THAT IT BE UTILIZED ONLY IN ACTUAL CASES AND CONTROVERSIES. SMITH V. VONELL, 379 F. SUPP. 139, 1974 U.S. DIST LEXIS 7879.

28 U.S.C.S. § 2201 AND 2202 LIMIT JURISDICTION OF FEDERAL COURT TO DECIDE MATTER(S) WHICH ARE IN THEIR NATURE "CASES OR CONTROVERSIES."         PAGE 3.

# 28 U.S.C.S. § 2201  GENERAL PURPOSE

"GENERAL PURPOSE OF 28 U.S.C.S. § 2201, DECLARATORY JUDGMENT ACT. IS TO PROVIDE IMMEDIATE FORUM FOR ADJUDICATION OF RIGHT(S) AND OBLIGATION(S) IN ACTUAL CONTROVERSY WHERE SUCH CONTROVERSY MAY BE SETTLED IN IT(S) ENTIRELY AND WITH JUDICIAL EXPEDIENCY AND ECONOMY. DUBBINS V. HUNT. 323 F. 2D 746, 1963 U.S. APP. LEXIS 3933 (10TH CIR. 1963).

PURPOSE OF DECLARATORY JUDGMENT ACT PURSUANT TO 28 U.S.C.S. § 2201. IS TO SETTLE ACTUAL CONTROVERSIES IN FEDERAL OR STATE JURISDICTION(S) BEFORE THEY RIPEN INTO VIOLATION(S) OF FEDERAL OR STATE LAW, OR BREACH OF DUTY. UNITED STATES V. FISHER-OTIS-CO., 496 F. 2D 1146, 1974 U.S APP. LEXIS. 8645 (10TH CIR 1974).

ADDITIONAL. THE PURPOSE OF 28 U.S.C.S § 2201 IS TO BY LAW ENACTED BY CONGRESS TO PROVIDE THE OPPORTUNITY TO CLARITY RIGHT(S) AND LEGAL RELATIONSHIP(S) WITHOUT WAITING FOR ADVERSARY TO FILE SUIT. AND AFFORDS AN ADDITIONAL LEGAL REMEDY TO ONE WHO IS NOT CERTAIN OF HIS RIGHTS AND DESIRES EARLY ADJUDICATION ON THE CASE OR CONTROVERSY. SUNSHINE MINING CO V. CARVER. 34 F. SUPP. 274.

# 28 U.S.C.S. § 2201 GENERAL PURPOSE AND JURISDICTION.

DECLARATORY JUDGMENT ACT 28 U.S.C.S. § 2201. IS DESIGNED TO EXPEDITE AND SIMPLIFY ASCERTAINMENT OF UN-CERTAIN LEGAL RIGHT(S) AND IT SHOULD BE THUS LIBERALLY CONSTRUED TO ATTAINTMENT OF THAT OBJECTIVE. COOMES V. ADKINSON, 414 F. SUPP. 975, 1976 U.S. DIST LEXIS 15097.

AND SUBSEQUENTLY, CONGRESS INTENTED PURPOSE OF 28 U.S.C.S. § 2201. DECLARATORY JUDGMENT ACT TO JUDICIALLY CLARIFY LEGAL RELATIONSHIP(S) BEFORE THEY HAVE BEEN DISTURBED OR PARTY'S RIGHT(S) VIOLATED. ALSAGER V. DISTRICT COURT OF POLK COUNTY, 384 F. SUPP. 643, 1974 U.S. DIST LEXIS 5816.

# UNITED STATES DISTRICT COURT JURISDICTION

THEREFORE, DECLARATORY JUDGMENT ACT CLAIMS, UNDER 28 U.S.C.S. § 2201, WITHOUT ANOTHER BASIS FOR JURISDICTION, CANNOT SUPPORT UNITED STATES DISTRICT COURTS JURISDICTION. SIMI INC V. CO. V. HARRIS COUNTY, 236 F. 3D 240, 2000 U.S APP. LEXIS 33527 (5TH CIR 2000).

DECLARATORY JUDGMENT ACT UNDER 28 U.S.C.S. § 2201 IN AN UNITED STATES DISTRICT COURT IS NOT TO CONFER ADDITIONAL FEDERAL JURISDICTION UPON COURT, BUT TO MAKE AVAILABLE TO LITIGANT NEW PROCEDURE OR REMEDY IN FEDERAL COURT(S) WHERE JURISDICTION EXISTS UNDER 28 U.S.C.S. § 1331, OR 28 U.S.C.S. § 1367 AND 1391. PAGE 1.

# ARTICLE III STANDING 28 U.S.C. 1331

UNDER FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C.S 1331 THE PETITIONER ASSERTS) AS AN CONSTITUTIONAL VIOLATION OF THE UNITED STATES CONSTITUTION THAT ALLOWS BY ARTICLE III SECTION 2 FOR THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION, TO ACQUIRE SUBJECT-MATTER JURISDICTION OVER A CASE OR CONTROVERSY IN WHICH THESE CONSTITUTIONAL PROVISION(S) HAS BEEN VIOLATED AS TO THE FOLLOWING BELOW IN THE STATE OF FLORIDA.:

(A): FOURTH AMENDMENT VIOLITION OF THE U.S. CONSTITUTION

THE STATE OF FLORIDA AGENCY OF THE CIRCUIT COURT IN AND FOR DUVAL COUNTY, FLORIDA UNDER CASE NO. 24-CF-1148 HAS UN-REASOASONABLY SEIZED THE LIBERTY OF THE PETITIONER BY AN UN-LAWFUL DENTENTION WITHOUT PROBABLE CAUSE ON AN WARRANT EXECUTED BY VOLUSIA COUNTY, FLORIDA ON JANUARY 27, 2023 AND THE PROLONGED DETENTION WITHOUT PROBABLE CAUSE SINCE JANUARY 27, 2023 ARREST ON DUVAL COUNTY, FLORIDA WARRANT IS AN UNITED STATES CONSTITUTION FOURTH AMENDMENT VIOLATION. GERSTEIN V. PUGH, 420 U.S. 103, 95 S.CT. 854, 43 L.ED. 2D 54 (1975). THIS ARREST IS BASED ON AN WARRANTLESS ARREST ON THE DUVAL CO, FL CHARGES.

PAGE 6

# ARTICLE III STANDING  28 U.S.C. 1331

(B): FIFTH AMENDMENT VIOLATION OF THE U.S. CONSTITUTION PROVIDES: NO PERSON SHALL BE HELD TO ANSWER FOR A CAPITAL, OR OTHERWISE INFAMOUS CRIME, UNLESS ON A PRESENTMENT OR INDICTMENT OF A GRAND JURY, ETC., NOR BE DEPRIVED OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW.

THE STATE OF FLORIDA AGENCY OF THE CIRCUIT COURT IN AND FOR DUVAL COUNTY, FLORIDA UNDER CASE NO. 24-CF-1148 HAS UN-LAWFULLY HELD PETITIONER TO ANSWER FOR AN INFAMOUS CRIME WITHOUT IT BEING LEGALLY FILED ON A PRE-SENTMENT WITH PROBABLE CAUSE NOR ON AN FORMLY FILED INFORMATION BY THE STATE PROSECUTOR IN DUVAL COUNTY, FLORIDA.

PETITIONER IS BEING DETAINED ILLEGALLY AND HELD IN CUSTODY TO THE DETAINER FILED AGAINST THE PLAINTIFF UNDER THE PROVISION(S) OF THE INTERSTATE AGREEMENT ON DETAINER ACT 18 U.S.C.S. APP. § 1395-1398 BY THE CIRCUIT COURT IN AND FOR DUVAL COUNTY, FLORIDA PURSUANT TO CASE NO. 24-CF-1148, WITHOUT ANY FILED INDICTMENT, INFORMATION, OR COMPLAINT PURSUANT ARTICLE III OR ARTICLE VI(A) BEING FORMLY FILED BY AN STATE PROSECUTOR IN DUVAL COUNTY, FLORIDA, TO LEGALLY PLACE AN DETAINER TO FACE PENDING CRIMINAL CHARGES IN THE STATE OF FLORIDA. AN DETENTION WITHOUT NO, INDICTMENT, INFORMATION, OR COMPLAINT VIOLATE THE U.S. CONST OF THE FIFTH AMENDMENT.

PAGE 7.

# ARTICLE III STANDING 28 U.S.C. 1331

## (C): SIXTH AMENDMENT VIOLATION OF THE U.S. CONSTITUTION

PROVIDES: IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY THE RIGHT TO A SPEEDY AND PUBLIC TRIAL BY AN IMPARTIAL JURY OF THE STATE AND DISTRICT WHEREIN THE CRIME SHALL HAVE BEEN COMMITTED.

THE STATE OF FLORIDA AGENCY OF THE CIRCUIT COURT IN AND FOR DUVAL COUNTY, FLORIDA UNDER CASE NO. 24-CF-1148 HAS BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION VIOLATED PETITIONER SPEEDY TRIAL RIGHT(S), PURSUANT TO 28 U.S.C.S. 1652 STATE LAWS AS RULES OF DECISION ACT MANDATE(S) THAT THE STATE LAW FOR THE STATE OF FLORIDA REGARDING ALL SPEEDY TRIAL SHALL BE REGARDED AS RULES OF DECISION IN CIVIL ACTIONS IN THE COURTS OF THE UNITED STATES IN CASES WHERE THEY APPLY.

PURSUANT TO 28 U.S.C 1331 AND 28 U.S.C 1652, THE STATE LAWS UNDER FLA. R. CRIM. P. 3.191 (A)(1) SHALL BE THE LAW USED FOR DECISION ON ALL SIXTH AMENDMENT SPEEDY TRIAL VIOLATION.

28 U.S.C § 1652. STATE LAWS AS RULES OF DECISION

THE LAWS OF THE SEVERAL STATES, EXCEPT WHERE THE CONSTITUTION, OR TREATIES OF THE UNITED STATES OR ACTS OF CONGRESS OTHERWISE REQUIRE OR PROVIDE, SHALL BE REGARDED AS RULES OF DECISION IN CIVIL ACTIONS IN THE COURTS OF THE UNITED STATES, IN CASES WHERE THEY APPLY.

PAGE 8.

# ARTICLE III STANDING 28 U.S.C. 1331

PURSUANT TO 28 U.S.C. 1652 AUTHORITY FLORIDA LAW ON SPEEDY TRIAL WITHOUT DEMAND IS UNDER FLA.R.CRIM.P.3.191(A)

## RULE: FLA.R.CRIM.P. 3.191 SPEEDY TRIAL

(A) SPEEDY TRIAL WITHOUT DEMAND.

PROVIDES: EXCEPT AS OTHERWISE PROVIDED BY THIS RULE, AND SUBJECT TO THE LIMITATION(S) IMPOSED UNDER SUBDIVISION(S) (E) AND (F) "EVERY PERSON CHARGED WITH A CRIME SHALL BE BROUGHT TO TRIAL WITHIN 90 DAYS OF ARREST IF THE CRIME CHARGED IS A MISDEMENOR, OR WITHIN 175 DAYS OF ARREST IF THE CRIME CHARGED IS A FELONY. IF TRIAL IS NOT COMMENCED WITHIN THESE TIME PERIODS, THE DEFENDANT SHALL BE ENTITLED TO THE APPROPRIATE REMEDY AS SET FORTH IN SUBDIVISION (P).

THE TIME PERIODS ESTABLISHED BY THIS SUBDIVISION SHALL COMMENCE WHEN THE PERSON IS TAKEN INTO CUSTODY AS DEFINED UNDER SUBDIVISION (D). A PERSON CHARGED WITH A CRIME IS ENTITLED TO THE BENEFIT(S) OF THIS RULE WHETHER THE PERSON IS IN CUSTODY IN A JAIL OR CORRECTIONAL INSTITUTION OF THIS STATE OR A POLITICAL SUBDIVISON THEREOF. OR IS AT LIBERTY ON BAIL OR RECOGNIZANCE OR OTHER PRETRIAL RELEASE CONDITION. THIS SUBDIVISON SHALL CEASE TO APPLY WHENEVER A PERSON FILES A VALID DEMAND FOR SPEEDY TRIAL UNDER SUBDIVISON (B).

PAGE 9.

# ARTICLE III STANDING  28 U.S.C.  1331

PURSUANT TO 28 U.S.C 1652 AUTHORITY UNDER FLA. R. CRIM.P. 3.191(A) SUBDIVISION (D) IS DEFINED AS FOLLOW:

(D) CUSTODY. FOR PURPOSES OF THIS RULE, A PERSON IS TAKEN IN CUSTODY:

(1) WHEN THE PERSON IS ARRESTED AS A RESULT OF THE CONDUCT OR CRIMINAL EPISODE THAT GAVE RISE TO THE CRIME CHARGED OR

(2) WHEN THE PERSON IS SERVED WITH A NOTICE TO APPEAR IN LIEU OF PHYSICAL ARREST.

(A)(4) - CUSTODY [NEW]

1. CUSTODY IS DEFINED IN TERMS TANTAMOUNT TO ARREST. THIS DEFINTION WAS FORMERLY CONTAINED IN (A)(1)

UNDER FLA. R.CRIM.P. 3.191 (A)(4). PRISONERS IN FLORIDA INSTITUTIONS ARE NOW TREATED LIKE ANY OTHER DEFENDANT [FORMERLY (B)(1)].

SPEEDY TRIAL WITHOUT DEMAND (A)(1)

(3). BEFORE A COURT CAN DISCHARGE A DEFENDANT. THE COURT MUST MAKE COMPLETE INQUIRY TO ENSURE THAT DISCHARGE IS APPROPRIATE.

PAGE 10.

# ARTICLE III STANDING 28 U.S.C. 1331

PURSUANT TO 28 U.S.C 1652 AUTHORITY UNDER FLA.R.CRIM.P. 3.191(A)(1), THE 180-DAY TIME PERIOD IN WHICH THE STATE HAS TO BRING A DETAINEE TO TRIAL COMMENCES TO RUN WHEN HE IS FORMALLY ARRESTED ON CHARGES, NOT WHEN HE IS PREVENTED FROM BEING RELEASED BY A DETAINER PURSUANT TO ARTICLE III OF THE INTERSTATE AGREEMENT ON DETAINERS ACT.

PURSUANT TO 28 U.S.C 1652 AUTHORITY FLA.R.CRIM.P. 3.191(A)(1), PROVIDES IN PART THAT THE TIME PERIODS ESTABLISHED BY RULE 3.191(A) COMMENCES WHEN A ARRESTEE OR DETAINEE IS TAKEN INTO CUSTODY AS A RESULT OF THE CONDUCT OR CRIMINAL EPISODE GIVING RISE TO THE CRIME CHARGED.

THEREFORE BY 28 U.S.C. 1652 THE RULES OF DECISION ON AN SPEEDY TRIAL VIOLATION UNDER ARTICLE III OF THE INTERSTATE AGREEMENT ON DETAINERS ACT IS GOVERN BY THE MEMBER STATE SPEEDY TRIAL RULES UNDER FLA.R.CRIM.P. 3.191(A)(1) AND UNDER ARTICLE III OF THE DETAINERS ACT. A STATE BECOMES A MEMBER WHEN IT ENACTS THE PROVISION(S) OF THE DETAINERS ACT INTO LAW.

THUS, THE I.A.D. ARTICLE III(A) PROVIDE FOR AN VIOLATION TO THE SPEEDY TRIAL OF THE STATE OF FLORIDA STATES: IF THE PRISONER IS NOT BROUGHT TO TRIAL WITHIN THAT TIME PERIOD THE COURT OF THE JURISDICTION WHERE THE INDICTMENT. INFORMATION. OR COMPLAINT IS PENDING SHALL DISMISS THE SAME WITH PREJUDICE AND ANY DETAINER BASED THEREON SHALL CEASE TO BE OF ANY FORCE OR EFFECT I.A.D. ARTICLE V (C).

PAGE 11.

# ARTICLE III STANDING 28 U.S.C 1331

PURSUANT TO 28 U.S.C. 1652 AUTHORITY UNDER FLA. R. CRIM. P. 3.191 (A)(I) SUBDIVISON (N) PROSCRIBES THE MANDATORY RULE TO DISCHARGE FROM CRIME AND IT(S) EFFECT. IS DEFINED AS FOLLOWS:

SUBDIVISON (N) DISCHARGE FROM CRIME, EFFECT:

DISCHARGE FROM A CRIME UNDER THIS RULE SHALL OPERATE TO BAR PROSECUTION OF THE CRIME CHARGED AND OF ALL OTHER CRIMES ON WHICH TRIAL HAS NOT COMMENCED NOR CONVICTION OBTAINED NOR ADJUDICATION WITHHELD AND THAT WERE OR MIGHT HAVE BEEN CHARGED AS A RESULT OF THE SAME CONDUCT OR CRIMINAL EPISODE AS A LESSER DEGREE OR LESSER INCLUDED OFFENSE.

THE COURT SHALL FOREVER DISCHARGED FROM THE CRIME.

THEREFORE BY AN SIXTH AMEMENDMENT VIOLATION TO THE UNITED STATES CONSTITUTION OF AN SPEEDY TRIAL THE UNITED STATES SUPREME COURT PRECEDENT CONTROLS UNDER;
ERIE R. R. CO. V. TOMPKINS. 304 U.S. 64, 82 L.ED 1188, 58 S.CT. 817 (1938) WHICH IS FUNDEMENTALLY PROCEDURAL RATHER THAN SUBSTANTIVE IN NATURE. IT GOVERN THE FORM OF ACTION, NOT WHETHER THE ACTION MAY BE BROUGHT. THUS THE DOCTRINE IN ERIE R. R. CO. V. TOMPKINS 82 L.ED. 1188, WILL ORDINARLY PROVIDE THE FRAMEWORK FOR DOING SO USING STATE LAWS FOR DECISIONS UNDER 28 U.S.C 1652 MANDATORY AUTHORITY.
PAGE 12.

# ARTICLE III STANDING 28 U.S.C. 1331

UNDER 28 U.S.C. 1652, LAWS INCLUDE NOT ONLY STATE STATUTES, BUT UNWRITTEN LAW OF STATE AS PRONOUNCED BY ITS) COURTS. STE: STUEVE V. AMERICAN HONDA MOTORS CO., 448 F.SUPP 167, 1918 U.S. DIST LEXIS 18711 CO. KAN. 1978).

PURSUANT TO 28 U.S.C. 1652, WHEN INTERPRETING STATE LAW, FEDERAL COURTS IS BOUND BY INTERPREATION OF LAW BY THAT STATE COURTS. CHERRY V. STEINER, 543 F.SUPP. 1270, 14 ENVTL. L. REP 20657, 1982 U.S. DISTRICT LEXIS 3797 CO. ARIZ. 1982).

UNDER 28 U.S.C. 1652 STATE'S HIGHEST COURTS. WHENEVER DECISION(S) OF STATE COURTS RELATE TO SAME LAW OF LOCAL CHARACTER, WHICH HAVE BECOME ESTABLISHED BY THOSE COURTS, OR HAD ALWAYS BEEN PART OF LAW OF STATE. DECISIONS ON SUBJECT WERE USUALLY CONCLUSIVE AND ALWAYS ENTITLED TO HIGHEST RESPECT OF FEDERAL COURTS; WHERE SUCH LOCAL LAW OR CUSTOM HAD BEEN ESTABLISHED BY REPEATED DECISION(S) OF HIGHEST COURTS OF STATE, IT BECOME ALSO LAW GOVERNING COURTS OF UNITED STATES SITTING IN THAT STATE. SUPREME COURT OF UNITED STATES PRECEDENT:
BUCHER V. CHESHIRE R. CO., 125 U.S. 555, 8 S.CT. 974, 31 L.ED. 795, 1888 U.S. LEXIS 1946 (1888). ALSO SEE KUHN V. FAIRMONT COAL CO., 215 U.S. 349, 30 S.CT 140, 54 L.ED 228, 1910 U.S. LEXIS 1844 (1910). ALSO SEE GRAHAM V. WHITE-PHILLIPS CO., 296 U.S. 27, 56 S.CT. 21, 80 LED 20, 1935 U.S. LEXIS 560 (1935). PAGE 13.

# ARTICLE III STANDING    28 U.S.C. 1331

(D): FOURTEETH AMENDMENT VIOLATION OF THE U.S. CONSTITUTION PROVIDES IN PART: NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW; NOR DENY TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAWS. DANIELS V. WILLIAMS, 474 U.S. 327, 100 S.CT. 662 88 L ED 2D 662 (1986).

THE FOURTEETH AMENDMENT GUARANTEE(S) "SUBSTANTIVE DUE PROCESS" WHICH PREVENTS THE GOVERNMENT FROM ENGAGING IN CONDUCT THAT SHOCKS THE CONSCIENCE OR INTERFERES WITH RIGHT(S) IMPLICIT IN THE CONCEPT OF ORDERED LIBERTY. WEILER V. PURKETT, 137 F.3D 1047, 1051 (8TH CIR. 1998)(EN BANC)

TO THAT END, THE FOURTEETH AMENDMENT PROHIBITS CONDUCT THAT IS SO OUTRAGEOUS THAT IT SHOCKS THE CONSCIENCE OR OTHERWISE OFFENDS JUDICIAL NOTIONS OF FAIRNESS, OR IS OFFENSIVE TO HUMAN DIGNITY.

THE STATE OF FLORIDA AGENCY OF THE CIRCUIT COURT IN AND FOR DUVAL COUNTY, FLORIDA UNDER CASE NO. 24-CF-1148 HAS THUS VIOLATED PETITIONER CONSTITUTIONAL RIGHT(S) TO THE UNITED STATES CONSTITUTION UNDER THE FOURTEETH AMENDMENT OF DUE PROCESS OF LAW, AND THE STATE OF FLORIDA HAVE DENIED WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAW PURSUANT TO FLA. R. CRIM. P. 3.191(A)(C)(1) PROVISIONS TO BE DISCHARGED OF THE CHARGED CRIMES IN CASE NO. 24-CF-1148 FOR AN SPEEDY TRIAL VIOLATION.   PAGE 14.

# ARTICLE III STANDING 28 U.S.C. 1367

## SUPPLEMENTAL JURISDICTION / PENDENT JURISDICTION.

PURSUANT TO 28 U.S.C. 1652 AUTHORITY THE FLORIDA CONSTITUTION SHALL BE RULES OF DECISION REGARDING THE EQUAL PROTECTION OF THE LAWS.

## FLORIDA CONSTITUTION.

## SECTION 21. ACCESS TO COURTS.

THE COURTS SHALL BE OPEN TO EVERY PERSON FOR REDRESS OF ANY INJURY, AND JUSTICE SHALL BE ADMINISTERED WITHOUT SALE, DENIAL, OR DELAY.

## 28 U.S.C § 1367 SUPPLEMENTAL JURISDICTION

(A) EXCEPT AS PROVIDED IN SUBSECTION (B) AND (C) OR AS EXPRESSLY PROVIDED OTHERWISE BY FEDERAL STATUTE. IN ANY CIVIL ACTION OF WHICH THE DISTRICT COURT(S) HAVE ORIGINAL JURISDICTION, THE DISTRICT COURT(S) HAVE SUPPLEMENTAL JURISDICTION OVER ALL OTHER CLAIMS THAT ARE SO RELATED TO CLAIMS IN THE ACTION WITHIN SUCH JURISDICTION THAT THEY FORM PART OF THE SAME CASE OR CONTROVERSY UNDER ARTICLE III OF THE UNITED STATES CONSTITUTION. SUCH SUPPLEMENTAL JURISDICTION SHALL INCLUDE CLAIMS THAT INVOLVE THE JOINDER OR INTERVENTION OF ADDITIONAL PARTIES.          PAGE 15.

# ARTICLE III STANDING  28 U.S.C 1367

ARTICLE III STANDING, MUST PRESIDE OVER EVERY PROCEEDING INCLUDING CRIMINAL PROCEEDING(S), IN WHICH CHARGE, CLAIM, OR DEFENSE IS BASED ON ACT OF CONGRESS OF LAW MADE UNDER IT(S) AUTHORITY. PALMORE V. UNITED STATES, 411 U.S. 389  93 S.CT. 1670. 36 L.ED 2D 342, 1973.

CONCEPT OF SUPPLEMENTAL JURISDICTION ALLOWS DISTRICT COURT ONCE IT HAS ACQUIRED JURISDICTION OVER A CASE OR CONTROVERSY TO DECIDE MATTER(S) INCIDENT TO MAIN CLAIM WHICH OTHERWISE COULD NOT BE ASSERTED INDEPENDENTLY;

IT IS INVOKED TO AVOID PIECEMEAL LITIGATION WHICH OCCUR DUE TO IRRECONCILABILITY BETWEEN ARTICLE III LIMIT(S) ON JURISDICTION, IS NOT WELL DEFINED AND IT(S) SCOPE OF SUPPLEMENTAL JURISDICTION REGARDING IT(S) APPLICATION REQUIRE(S) CONSIDERATION OF FACT(S) SIMILAR TO THESE CONSULTED WHEN EXERCISING PENDENT JURISDICTION UNDER THE PERMISSIVE RULES ADOPTED BY FEDERAL RULES OF CIVIL PROCEDURE.  FEDERMAN V. EMPIRE FIRE C MARINE INC. CO., 597 F. 2D 798, 27 C 2D CIR. 1979).

## PENDENT JURISDICTION:

POWER TO EXERCISE PENDENT JURISDICTION IS GROUNDED UPON EXISTENCE OF FEDERAL SUBJECT MATTER JURISDICTION OVER SOME CLAIM IN CAUSE OF ACTION, AND DISTRICT COURT MUST INTITALLY HAVE SUBJECT MATTER JURISDICTION OVER FEDERAL CLAIM BEFORE IT CAN EXERCISE JURISDICTION OVER PENDENT STATE CLAIM.     PAGE 16.

# ARTICLE III STANDING · 28 U.S.C. 1367 PENDENT JURISDICTION.

PENDENT JURISDICTION APPLIES TO STATE LAW CLAIM(S) WHICH ARE JOINED IN COMPLAINT WITH FEDERALLY COGNIZABLE CLAIM(S), AND WHICH ARE ASSERTED BY ORIGINAL PLAINTIFF AGAINST ORIGINAL DEFENDANT. IN RETAING JURISDICTION OVER PENDENT CLAIMS, DISTRICT COURT PROPERLY CONSIDERED FACT THAT POSSIBLE RUNNING OF STATE STATUTE OF LIMITATION(S) WOULD BAR NEW ACTION.

COURTS WHICH HAS JURISDICTION OVER CLAIM(S) AGAINST CERTAIN DEFENDANT(S) AIRISING DIRECTLY UNDER FOURTH AND FIFTH AMENDMENT OF THE U.S. CONSTITUTION UNDER 28 U.S.C. § 1331; HAS PENDENT JURISDICTION OVER COMMON-LAW CLAIM(S) AGAINST SAME DEFENDANT AND COURT'S POWER TO RESLOVE PENDENT COMMON-LAW CLAIM(S) CONTINUE(S) EVEN IF PLAINTIFF'S DO NOT PREVAIL ON CONSTITUTIONAL CLAIM(S). APTON V. WILSON, 506 F. 2D 83, 165 U.S. APP. D.C. 22, 1974 (D.C. CIR 1974).

PAGE 17.

# ARTICLE III STANDING  28 U.S.C. 1367

## PENDENT JURISDICTION. DOCTRINE OF PENDENT PARTY

UNDER DOCTRINE OF PENDENT JURISDICTION, DISTRICT COURT HAD JURISDICTION OVER "PENDENT PARTY" WHO WAS IMPLICATED IN LITIGATION ONLY WITH RESPECT TO PENDENT STATE CLAIM AND NOT WITH RESPECT TO CLAIM FOR WHICH THERE WAS INDEPENDENT BASIS FOR FEDERAL JURISDICTION WHERE,

(1): FEDERAL CLAIM WAS SUFFICIENTLY SUBSTANTIAL TO CONFER SUBJECT MATTER JURISDICTION ON DISTRICT COURT PURSUANT TO 28 U.S.C.S. § 1331,

(2): FEDERAL AND STATE CLAIMS AROSE FROM COMMON NUCLEUS OF OPERATIVE FACTS, AND

(3): CLAIMS WERE SUCH THAT PLAINTIFF WOULD ORDINARILY BE EXPECTED TO TRY THEM ALL IN ONE JUDICIAL PROCEEDING. LEWIS V. BRINEGAR 372 F. SUPP 424, 1974 U.S. (W.D NO. 1974)

WHERE RELATIONSHIP BETWEEN PLAINTIFFS FEDERAL CLAIM AND STATE CLAIM PERMIT(S) CONCLUSION THAT ENTIRE ACTION BEFORE FEDERAL DISTRICT COURT CONSTITUTES BUT ONE CONSTITUTIONAL CASE, IT IS APPROPRIATE FOR FEDERAL DISTRICT COURT TO EXERCISE JURISDICTION OVER PLAINTIFF PENDENT CLAIMS AS WELL.   PAGE 18.

PURSUANT TO 28 U.S.C.S. 2201 AND 28 U.S.C.S. 2202.
# DECLARATION THAT STATE PROSECUTION WOULD BE ILLEGAL

COMES NOW LAWRENCE ALLEN DAVIS, PROCEEDING PRO SE IN THE ABOVE-STYLED CAUSE SEEKS AN IMMEDIATE DECISION BY THIS HONORABLE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT JACKSONVILLE DIVISION OF FLORIDA THAT THE STATE ATTORNEY OFFICE AT 220 EAST BAY STREET, 6TH FLOOR JACKSONVILLE, FLORIDA 32202 UNDER CRIMINAL CASE NO. 24-CF-1148 WOULD BE ILLEGALLY IN VIOLATION OF PETITIONER SIXTH AMENDMENT CONSTITUTIONAL RIGHTS OF THE UNITED STATES CONSTITUTION; PURSUANT TO 28 U.S.C. 1652 AUTHORITY OF THE FLORIDA. RULE. OF CRIMINAL. PROCEDURE. 3.191 (A)(1) SPEEDY TRIAL WITHOUT DEMAND OF THE 175-DAY TIME PERIOD PROVISION.

PETITIONER SEEKS AN DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201 AND FURTHER RELIEF IF PRAYED DECLARATORY JUDGMENT IS GRANTED IN ACCORDANCE TO 28 U.S.C. § 2202 EQUITABLE RELIEF THAT IS FURTHER NECESSARY AND PROPER BASED UPON THE DETERMINATION OF LEGAL RELATIONS BETWEEN THE STATE OF FLORIDA AND THE PETITIONER OF THEIR RESPECTIVE RIGHTS) TO INITIATE PROSECUTION BY THE STATE OF FLORIDA, AND NOT TO BE SUBJECT TO DEFENDANT CRIMINAL PROSECUTION BY THE AUTHORITY OF FLA. R. CRIM. P. 3.191 (A)(1) SUBDIVISION (N) HAVING IMMEDIATE EFFECT TO BAR PROSECUTION OF STATE CRIME(S) FOR THE SPEEDY TRIAL VIOLATION BY THE STATE ATTORNEY OFFICE OF THE STATE OF FLORIDA UNTO THE PETITIONER RIGHTS) UNDER THE UNITED STATES CONSTITUTION OF DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAWS PURSUANT TO THE FOURTEETH AMENDMENT.

PAGE 19.

PURSUANT TO 28 U.S.C.S. 2201 AND 28 U.S.C.S. 2202.

## DECLARATION THAT STATE PROSECUTION WOULD BE ILLEGAL

THEREFORE, BEFORE AN UNITED STATES DISTRICT COURT UNDER 28 U.S.C 2201, WILL MAKE JUDGMENT DECLARING THAT PARTICULAR ACTION WILL BE ILLEGAL, PERSON THREATING TO TAKE THAT ACTION MUST BE MADE PARTY TO LAWSUIT AND BE GIVEN OPPORTUNITY TO PRESENT COURT WITH REASONS WHY HIS PROPOSED ACTIONS SHOULD BE NOT HELD ILLEGAL; IN SUIT SEEKING DECLARATION THAT PROSECUTION WOULD BE ILLEGAL, CORRECT PARTY DEFENDANT WOULD BE STATE ATTORNEY, STATE OFFICIAL WHO WOULD INITIATE PROSECUTION. CAFANO V. CIMMINO, 501 F. SUPP. 397, 1980 U.S. DIST LEXIS 15317 AFF'D 636 F. 2D 1200, 1980 U.S. APP. LEXIS 12888 (2D. CIR. 1980).

UNITED STATES SUPREME COURT PRECEDENT :

UNDER THE AUTHORITY OF STEFFEL V. THOMPSON, 415 U.S. 452, 94 S.CT. 1209, 39 L. ED. 2D 505, 1974 U.S. LEXIS 112 (1974).
HOLDING: REGARDLESS OF WHETHER INJUCTIVE RELIEF AGAINST ENFORCEMENT OF STATE CRIMINAL STATUE MAY BE APPROPRIATE, FEDERAL DECLARTORY RELIEF UNDER DECLARTORY JUDGMENT ACT 28 U.S.C.S. S 2201, IS NOT PRECLUDED WHEN NO STATE PROSECUTION (AGAINST PLAINTIFF IS PENDING AND PLAINTIFF DEMONSTRATES GENUINE THREAT OF ENFORCEMENT OF DISPUTED STATE STATUTE, WHEATHER ATTACK IS MADE ON CONSTITUTIONALITY OF STATUTE ON ITS FACE OR AS APPLIED. STATES INTEREST IN UN-ENCUMBERED ENFORCEMENT OF ITS CRIMINAL LAWS NOT OUT-WEIGHING FEDERAL INTEREST IN PROTECTING CONSTITUTIONAL RIGHTS OF INDIDUAL OR INDIVDUAL.   PAGE 20.

PURSUANT TO 28 U.S.C.S. 2201 AND 28 U.S.C.S. 2202.

DECLARATION THAT STATE PROSECUTION WOULD BE ILLEGAL

PURSUANT TO THE PROVISIONS OF THE INTERSTATE AGREEMENT ON DETAINER ACT, 18 U.S.C.S. APP.S 1395-1398, ARE TRIGGERED ONLY WHEN A "DETAINER" IS FILED WITH THE CUSTODIAL (SENDING) STATE BY ANOTHER STATE (RECEIVING) HAVING UNTRIED CHARGES PENDING AGAINST THE PRISONER, TO OBTAIN TEMPORARY CUSTODY. THE RECEIVING STATE MUST ALSO FILE AND APPROPRIATE "REQUEST" WITH THE SENDING STATE.

DEFINITION OF STATE AND DEFINES "RECEIVING STATE" AS THE STATE IN WHICH TRIAL IS TO BE HAD ON AN INDICTMENT, INFORMATION, OR COMPLAINT PURSUANT TO ARTICLE III OR ARTICLE IV HEREOF ARTICLE III (C).

UNDER THE AGREEMENT "STATE" MEANS "A STATE OF THE UNITED STATES, THE UNITED STATES OF AMERICA; A TERRITORY OR POSSESSION OF THE UNITED STATES; THE DISTRICT OF COLUMBIA, THE COMMONWEALTH OF PUERTO RICO." ARTICLE II (A) OF THE I.A.D.

PURSUANT TO FLA. STAT. 941.45 INTERSTATE AGREEMENT ON DETAINERS. THE INTERSTATE COMPACT KNOWN AS THE INTERSTATE AGREEMENT ON DETAINERS IS ENACTED INTO LAW AND ENTERED INTO BY THE STATE AS A PARTY, AND IS OF FULL FORCE AND EFFECT BETWEEN THE STATE AND ANY OTHER STATES JOINING THEREIN IN THE FORM SUBSTANTIALLY AS FOLLOWS:

PAGE 21.

PURSUANT TO 28 U.S.C.S. 2201 AND 28 U.S.C.S. 2202

DECLARATION THAT STATE PROSECUTION WOULD BE ILLEGAL

PURSUANT TO FLORIDA STATUTE 941.45 ON THE INTERSTATE AGREEMENT ON DETAINERS ACT IS CONTROLLED BY FLORIDA RULES OF CRIMINAL PROCEDURE IN THE STATE COURTS ON ANY CRIMINAL PROSECUTION.

RULES OF CRIMINAL PROCEDURE PROVIDES:

THESE RULES SHALL GOVERN THE PROCEDURE IN ALL CRIMINAL PROCEEDINGS IN STATE COURTS INCLUDING PROCEEDINGS INVOLVING DIRECT AND INDIRECT CRIMINAL CONTEMPT, PROCEEDINGS UNDER RULE 3.850, AND CRIMINAL TRAFFIC OFFENSES AS PROVIDED BY SECTION III, FLORIDA RULES OF TRAFFIC COURT. THESE RULES SHALL NOT APPLY TO DIRECT OR INDIRECT CRIMINAL CONTEMPT OF A COURT ACTING IN ANY APPELLATE CAPACITY. THESE RULES SHALL NOT APPLY TO RULES 3.811 AND 3.812. THESE RULES SHALL BE KNOWN AS THE FLORIDA RULES OF CRIMINAL PROCEDURE AND MAY BE CITED AS FLA.R. CRIM. P.

PAGE 22.

THEREFORE THE SPEEDY TRIAL DISPOSITION OF ALL UNTRIED INDICTMENT. INFORMATION, OR COMPLAINT UNDER ART III(D) AND ART IV(A) OF THE INTERSTATE AGREEMENT ON DETAINERS UNDER FLA.STAT. 941.45 IS GOVERN BY FLA. R. CRIM. P. 3.191(A)(1) AND THE SPEEDY TRIAL VIOLATION THEREOF PURSUANT TO FLA. STAT. 941.15 ARTICLE V (C) IS CONTROLLED IN THE STATE COURTS IN FLORIDA OF AN CRIMINAL PROCEEDING UNDER CASE NO. 24-CF-1148 BY FLA. R. CRIM. P. 3.191(A)(1) SUBDIVISON (N) DISCHARGE FROM CRIME, EFFECT PROVISION.

PURSUANT TO 28 U.S.C.S. 2201 AND 28 U.S.C.S. 2202.

## DECLARATION THAT STATE PROSECUTION WOULD BE ILLEGAL

PETITIONER PURSUANT TO 28 U.S.C.S. 2201, DECLARATORY JUDGMENT ACT SEEKS AN IMMEDIATE DECLARATION TO CLARIFY LEGAL RELATIONSHIPS BEFORE THEY HAVE BEEN DISTRUBED OR PARTY RIGHTS(S) VIOLATED PURSUANT TO AN STATE PROSECUTION IN CRIMINAL PROCEEDING UNDER CASE NO. 24-CF-1148 BEING INITIATED BY THE STATE ATTORNEY OFFICE IN JACKSONVILLE, FLORIDA ON UNTRIED CRIMINAL CHARGES AGAINST THE PETITIONER THAT WOULD BE DEEMED ILLEGAL BY THE AUTHORITY OF THE UNITED STATES CONSTITUTION OF THE FOURTH AMENDMENT AS TO,

DECLARATION SOUGHT UNDER 28 U.S.C.S. 2201.

THAT THE WARRANTS SIGNED ON 9/11/2022 BY JUDGE SALVADOR AND THE WARRANTLESS ARREST BY THE STATE OF FLORIDA ON 1/27/2023 WAS PROCURED WITH AN ABSENCE OF PROBABLE CAUSE IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION;

AND THE STATE PROSECUTION WOULD BE ILLEGAL IN CASE NO. 24-CF-1148 FOR THE VIOLATION TO PETITIONER CONSTITUTIONAL RIGHTS OF THE SIXTH AND FOURTEETH AMENDMENT OF THE UNITED STATES CONSTITUTION AND PURSUANT TO 28 U.S.C. 1652 AUTHORITY PETITIONER SPEEDY TRIAL RIGHTS WERE VIOLATED SINCE JULY 28, 2023 FROM ARREST ON JANUARY 27, 2023 BY THE STATE OF FLORIDA BY THE AUTHORITY UNDER FLA. R. CRIM. P. 3. 191(A)(1).

PURSUANT TO 28 U.S.C.S. 2201 AND 28 U.S.C.S. 2202.

DECLARATION THAT STATE PROSECUTION WOULD BE ILLEGAL

DECLARATION SOUGHT UNDER 28 U.S.C.S. 2201.

AND PURSUANT TO 28 U.S.C. 1652 AUTHORITY. PETITIONER IS ENTITLED AS AN MATTER OF LAW TO BE FOREVER DISCHARGED PURSUANT TO FLA. R. CRIM. P. 3.191(A)(1) SUBDIVISON (N) DISCHARGE FROM CRIME, EFFECT ON CRIMINAL CASE NO. 24-CF-1148 EFFECTIVE IMMEDIATELY BY THE FLORIDA SUPREME COURT HOLDING IN CASELAW, STATE V. WILLIAMS, 791 So. 2D 1088 (FLA. 2001). WHICH HELD THAT THE STATE SPEEDY TRIAL TIME PERIOD CONTINUES TO RUN EVEN IF THE STATE DOES NOT ACT UNTIL AFTER THE EXPIRATIONS OF THAT SPEEDY TRIAL PERIOD, AND THAT THE STATE MAY NOT FILE CHARGES BASED ON THE SAME CONDUCT AFTER THE SPEEDY TRIAL PERIOD HAS EXPIRED.

THE DECLARATION UNDER 28 U.S.C.S. 2201. AND IN ACCORDANCE TO THE DECISION IN STATE V. WILLIAMS, 791 So. 2D 1088 (FLA. 2001) WHICH EXTENDS THE HOLDING TO CIRCUMSTANCES WERE THE STATE SIMPLY FAILED TO FILE CHARGES DURING THE SPEEDY TRIAL PERIOD AND HELD THAT THE STATE WAS NOT ENTITLED TO A RECAPTURE PERIOD UNDER FLA. R. CRIM. P. 3.191 (P)(3) AND CALL FOR AN IMMEDIATE DISCHARGE IS RULES OF DECISION UNDER 28 U.S.C. 1652 IN THIS UNITED STATES DISTRICT COURT MUST BE APPLIED WHEN MAKING AN DECLARATION PURSUANT TO 28 U.S.C. 2201.

PAGE 24.

# VENUE

\* VENUE GENERALLY. VENUE IS PROPER IN U.S. DISTRICT COURT JACKSONVILLE
28 U.S.C.S. § 1391 DIVISON FOR THE MIDDLE DISTRICT OF FLORIDA.
(A) APPLICABILITY OF SECTION. EXCEPT AS OTHERWISE PROVIDED BY LAW
(1) THIS SECTION SHALL GOVERN THE VENUE OF ALL CIVIL ACTIONS
BROUGHT IN DISTRICT COURTS OF THE UNITED STATES; AND
(2) THE PROPER VENUE FOR A CIVIL ACTION SHALL BE DETERMINED
WITHOUT REGARD TO WHETHER THE ACTION IS LOCAL OR TRANSITORY
IN NATURE.
(B) VENUE IN GENERAL. A CIVIL ACTION MAY BE BROUGHT IN —
(1) A JURISDICTION JUDICIAL DISTRICT IN WHICH ANY DEFENDANTS
RESIDES, IF ALL DEFENDANTS ARE RESIDENTS OF THE STATE IN WHICH
THE DISTRICT IS LOCATED;
(2) A JUDICIAL DISTRICT IN WHICH A SUBSTANTIAL PART OF THE EVENTS
OR OMISSIONS GIVING RISE TO THE CLAIM OCCURED, OR A SUBSTANTIAL
PART OF PROPERTY THAT IS SUBJECT OF THE ACTION IS SITUATED; OR
(3) IF THERE IS NO DISTRICT IN WHICH AN ACTION MAY OTHERWISE
BE BROUGHT AS PROVIDED IN THIS SECTION, ANY JUDICIAL DISTRICT IN
WHICH ANY DEFENDANT IS SUBJECT TO THE COURT'S PERSONAL
JURISDICTION WITH RESPECT TO SUCH ACTION

PURSUANT TO 28 U.S.C.S. 1391, A PLAINTIFF DOES NOT HAVE TO
SELECT THE VENUE WITH THE MOST SUBSTANTIAL NEXUS TO THE
DISPUTE, AS LONG AS HE CHOOSES A VENUE WHERE A
SUBSTANTIAL PART OF THE EVENTS GIVING RISE TO THE
CLAIM OCCURED.

NOTWITHSTANDING THE LAUNDRY LIST OF FACTOR(S) WEIGHED
IN THE 28 U.S.C.S. 1404(A) BALANCING TEST, DISTRICT COURTS
GENERALLY AFFORD PRIMACY TO A PLAINTIFF'S CHOICE OF
FORUM, SO LONG AS IT IS A PROPER VENUE, IN THE ABSENCE OF
SUBSTANTIAL COUNTERVAILING CONSIDERATIONS. PAGE 25.

# VENUE

PURSUANT TO 28 U.S.C.S. § 1391(B)(1), PETITIONER HAS CHOOSEN THE JUDICIAL DISTRICT OF THE FOURTH JUDICIAL CIRCUIT OF JACKSONVILLE, FLORIDA 32202 TO LITIGATE THE ASSERTED CASE OR CONTROVERSY UNDER ARTICLE III IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE, FLORIDA DIVISION AS THE PROPER FORUM IN THE ABOVE-STYLED CAUSE FILED BY THE PETITIONER SEEKING AN DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C.S. § 2201 AND FURTHER RELIEF UNDER 28 U.S.C.S. § 2202 STATUTORY PROVISIONS.

# DEFENDANTS

THE DEFENDANT IS AS FOLLOW BELOW:

(1): STATE ATTORNEY, OFFICE OF THE STATE ATTORNEY
220 EAST BAY STREET 6TH FLOOR
JACKSONVILLE, FLORIDA 32202.

ARE PURSUANT TO 28 U.S.C.S. § 1391(B)(1), ARE DEFENDANTS THAT RESIDES IN THE STATE OF FLORIDA WHICH IN DISTRICT THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION IS LOCATED.

AND SINCE THE STATE PROSECUTION ON CASE NO. 24-CF-1148. THAT WOULD BE ILLEGAL UNDER FEDERAL AND STATE CONSTITUTIONS AND IN ACCORDANCE TO THE DECISION OF THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C.S. 1652 BY FLA. R. CRIM. P. 3.191(A)(1) SPEEDY TRIAL PROVISIONS IS SUBJECT TO 28 U.S.C.S. § 1391(B)(2) CONSTRUCTION. PAGE 26.

# AFFIDAVIT

1. ON SEPTEMBER 11, 2022, IN THE FOURTH JUDICIAL CIRCUIT IN AND DUVAL COUNTY, FLORIDA, AN WARRANT WERE SIGNED AND ISSUE BY HONORABLE JUDGE SALVADOR, IN WHICH THE OFFICER AFFIDAVIT WERE SO LACKING IN INDICIA OF PROBABLE CAUSE AS TO RENDER OFFICIAL BELIEF IN ITS ENTIRELY UN-REASONABLE, IN WHICH THE ISSUING MAGISTRATE WHOLLY ABANDONED HER JUDICIAL ROLE UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

2. ON JANUARY 27, 2023, THE PETITIONER WAS LAWFULLY ARRESTED BY THE ORMOND BEACH POLICE DEPARTMENT ON THE DUVAL COUNTY, FLORIDA ARREST WARRANT ISSUED ON SEPTEMBER 11, 2022 AND SUBSEQUENTLY WAS TRANSFERRED TO THE VOLUSIA COUNTY BRANCH JAIL TO BE BOOKED AND PROCESSED ON THE WARRANT.

3. THE WARRANTLESS ARREST BY THE ORMOND BEACH POLICE DEPT ON THE DUVAL COUNTY, FLORIDA ARREST WARRANT ON JANUARY 27, 2023 THAT DEPRIVED PETITIONER OF HIS LIBERTY WITHOUT ANY PROBABLE CAUSE TO COMPORT WITH AN ARREST UNDER THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

4. ON JANUARY 28, 2023, THE PETITIONER WAS GIVEN AN FIRST APPEARANCE HEARING AND FULLY ADVISED ON THE DUVAL COUNTY, FLORIDA WARRANT ISSUED AND SIGNED ON BY HONORABLE JUDGE SALVADOR FROM SEPTEMBER 11, 2022 DATE IN THE PRESENCE OF HONORABLE BELLE SCHMIANS WHO ALSO APPRAISED PETITIONER OF THE BOND AT THE VOLUSIA COUNTY BRANCH JAIL.        PAGE 27.

# AFFIDAVIT

5. PURSUANT TO FLA.R.CRIM.P. 3.191(A)(1) SUBDIVISON (D), THE TIME PERIOD TO THE SPEEDY TRIAL WITHOUT DEMAND FOR THE 175-DAY PERIOD STARTED JANUARY 27, 2023 BY THE LAWFUL ARREST BY THE ORMOND BEACH POLICE DEPARTMENT ON THE DUVAL COUNTY, FLORIDA WARRANT WHICH RESULTED IN THE PETITIONER BEING ARRESTED AS A RESULT OF THE CONDUCT OR CRIMINAL EPISODE THAT GIVE RISE TO THE CRIMECHARGED.

6. THE STATE OF FLORIDA, OFFICE OF THE STATE ATTORNEY AT, 220 EAST BAY STREET, 6TH FLOOR JACKSONVILLE, FLORIDA 32202, HAS FAILED TO FORMERLY FILE CHARGES BY EITHER AN INDICTMENT OR INFORMATION BY OR BEFORE THE EXPIRATION OF THE SPEEDY TRIAL TIME PERIOD OF JULY 28, 2023 DEADLINE UNDER FLA.R.CRIM.P. 3.191(A)(1) PROVISION'S FROM THE START OF THE SPEEDY TRIAL PERIOD OF JANUARY 27, 2023 UNDER SUBDIVISON (D) AUTHORITY.

7. ON JUNE 11, 2024, THE OFFICE OF THE STATE ATTORNEY AT, 220 EAST BAY STREET, 6TH FLOOR JACKSONVILLE, FLORIDA 32202 FILED AND PLACED AN DETAINER UNDER FLA.STAT. 941.45 PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS ONTO THE PETITIONER WITH THE FLORIDA DEPARTMENT OF CORRECTIONS ON CHARGES PENDING WHICH HAVEN'T BEEN FORMERLY FILED BY AN INDICTMENT OR INFORMATION ON CASE NO. 24-CF-1148.

PAGE 28.

# <u>AFFIDAVIT</u>                    PAGE 29.

8. BETWEEN SEPETEMER 7, 2024 - THROUGH OCTOBER 10, 2024 PETITIONER FILED AN PROPER MOTION SEEKING AN SPEEDY TRIAL VIOLATION DISCHARGE ON CRIMINAL CASE NO. 24-CF-1148 UNDER FLA. R. CRIM. P. 3.191 (A)(1) SUBDIVION ( N ) IN THE CIRCUIT COURT IN THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA.

9. THE ABOVE-TITLED MOTION FILED IN THE CIRCUIT COURT IN THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA IN CASE NO. 24-CF-1148 ON AN SPEEDY TRIAL VIOLATION PURSUANT TO FLA. R. CRIM. P. 3.191 (A)(1) 175-DAY TIME PERIOD HAS BEEN PENDING WITHOUT ANY JUDICIAL ADJUDICATION ON THE MERIT'S OR AN TRAVERSE FILED IN AN RESPONSE TO PETITION SEEKING IMMEDIATE DISCHARGE THAT WOULD BAR STATE ATTORNEY PROSECUTION ON ALLEGED CRIMES BY THE OFFICE OF THE STATE ATTORNEY IN JACKSONVILLE, FLORIDA SINCE SEPTEMBER-7, 2024 - OCTOBER 10, 2024.

10. THE DELIBERATE DELAY ON ADJUDICATING THE LEGAL RIGHTS OF THE PARTIE'S INVOLVED AND THE UN-REASONABLE DENIAL TO ACCESS THE COURTS TO REDRESS OF ANY INJURY UNDER FLA. R. CRIM. P. 3.191 (A)(1) SPEEDY TRIAL VIOLATION, IS AN DIRECT VIOLATION OF THE STATE OF FLORIDA UNDER IT'S OWN CONSTITUTION UNDER SECTION 21, ACCESS TO COURTS PROVISION, AND CONTARY TO THE PRINCIPLES OF THE FOURTEETH AMENDMENT OF THE UNITED STATES CONSTITUTION ON DUE PROCESS OF LAW AND EQUAL

# AFFIDAVIT

10. PROTECTION OF THE LAWS WITHIN THE JURISDICTION OF THE STATE OF FLORIDA, WHICH DEPRIVES PETITIONER HIS CONSTITUTIONAL RIGHTS UNDER FEDERAL AND STATE CONSTITUTION'S.

11. PETITIONER HAS SERVED THE DEFENDANT THE STATE ATTORNEY OFFICE AT 220 EAST BAY STREET, 6TH FLOOR JACKSONVILLE, FLORIDA 32202 ON THE PETITION FOR DECLARATORY JUDGMENT. PURSUANT TO 28 U.S.C.S § 2201 AND 28 U.S.C.S. § 2202 SEEKING AN JUDICIAL DECLARATION ON THE LEGAL RIGHTS UNDER FLA.R.CRIM.P. 3.191(A)(1) BEING VIOLATED AND PETITIONER SPEEDY TRIAL RIGHT BEING VIOLATED UNDER SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION. IN ACCORDANCE TO FLA.R.CRIM.P. 3.191(A)(1) PROVISIONS PURSUANT TO 28 U.S.C.S. § 1652 RULE AS THE STATE LAWS AS RULES OF DECISION IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE, FLORIDA DIVISION IN THIS CIVIL ACTION UNDER ARTICLE III SECTION 2 AS PROVIDED IN 28 U.S.C § 1331 AND 28 U.S.C.§ 1367 STATUTORY AUTHORITY.

I, LAWRENCE ALLEN DAVIS, DULY SWEAR BY THE OATH AND OF THE PENALTY OF PERJURY, THAT THIS AFFIDAVIT PRESENTED IS THE TRUTH AND CORRECT TO THE BEST OF PETITIONER ABILITY, AND IF ANY SUBSTITUTIVE FACTS PROVED TO BE UNTRUE THE PETITIONER IS SUBJECT TO THE FULLEST PENALTY OF PERJURY BY LAW.   DATE: DECEMBER 30, 2025   PAGE 30.

# AFFIDAVIT

I. DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT UNDER 28 U.S.C.S. S 1746.

RESPECTFULLY SUBMITTED,

LAWRENCE ALLEN DAVIS PRO SE.
DC # B32302
WAKULLA CORRECTIONAL INSTITUTION
110 MELALEUCA DRIVE
CRAWFORDVILLE, FLORIDA 32327-4963
DATE: DECEMBER 30, 2025.

PAGE 31.

# FURTHER RELIEF                    PAGE 32.

PETITIONER PURSUANT TO 28 U.S.C.S. S 2202 REQUEST ANY FURTHER NECESSARY AND PROPER RELIEF BASED ON OR UPON DECLARATORY JUDGMENT AND ANY ADDITIONAL FACTS WHICH MIGHT BE NECESSARY TO SUPPORT SUCH RELIEF IS BEING SOUGHT NOW ON AN EMERGENCY BASIS INVOLVING THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISON EQUITY JURISDICTION.

PURSUANT TO THE COMMAND OF S 267 OF THE JUDICIAL CODE 28 U.S.C. S 384, THAT SUITS IN EQUITY SHALL NOT BE SUSTAINED IN THE COURTS OF THE UNITED STATES IN ANY CASE WHERE A PLAIN, ADEQUATE, AND COMPLETE REMEDY MAY BE HAD AT LAW.

THE PROVISIONS OF 24 (1) OF THE JUDICIAL CODE, 28 U.S.C. S 41 (1), THAT THE DISTRICT COURTS OF THE UNITED STATES SHALL HAVE COGNIZANCE OF ALL SUITS OF A CIVIL NATURE AT COMMON LAW OR IN EQUITY IN CASES APPROPRIATELY BROUGHT IN THOSE COURTS.

THEREFORE, BY THE COMMAND OF 28 U.S.C.S. S 2202, THE PETITIONER SEEKS EQUITABLE RELIEF IN THIS CIVIL ACTION AT COMMON LAW UNDER 28 U.S.C. S 41 (1) UNDER THE PROVISION'S OF FLA. R. CRIM. P. 3. 191 (A)(1) SUBDIVISON (N) AND TO THE AUTHORITY OF THE DECISION IN STATE V. WILLIAMS, 791 SO. 2D 1088 (FLA. 2001) UNDER 28 U.S.C. 1652 AUTHORITY IN CASE NO. 24-CF-1148, FOR THERE IS NO PLAIN, ADEQUATE, AND

## FURTHER RELIEF

COMPLETE REMEDY AT LAW UNDER ANY FEDERAL STATUTE TO DECLARE, PREVENT, AND ENFORCE ANY STATE LAW IN THE SEVERAL STATES FROM BEING USED AGAINST AN UNITED STATES CITIZEN TO DEPRIVE PLAINTIFF OF THE FOUNDING FATHER'S CONSTITUTIONAL RIGHTS CONFEERED ON ANY UNITED STATES CITIZEN UNDER THE UNITED STATES CONSTITUTION BEING VIOLATED BY ENFORCING THE STATES CREATED LEGAL RIGHTS OF THERE OWN STATE LAWS IN THE FEDERAL COURTS.

THE ONLY FEDERAL REMEDY IS EQUITABLE RELIEF THROUGH AN DECLARATORY JUDGMENT TO DECLARE THE STATE PROSECUTION WOULD BE ILLEGAL UNDER CASE NO. 24-CF-1148 BY AN DECLARATORY JUDGMENT ACT PURSUANT TO 28 U.S.C. 2201, AND TO COMPEL AND ENFORCE THE STATE COURT IN THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA BY FURTHER RELIEF UNDER 28 U.S.C. 2202. TO ENTER AN JUDGMENT OR ORDER UNDER CASE NO. 24-CF-1148 TO DISCHARGE THE PETITIONER TO ALL CRIMES UNDER FLA. R. CRIM. P. 3.191(A)(1) SUBDIVISON (N) EFFECTIVE AND IMMEDIATELY AND TO CEASE AND REMOVE THE DETAINER AGAINST THE PETITIONER IN THE FLORIDA DEPARTMENT CORRECTION IMMEDIATELY.

PAGE 33.

## FURTHER RELIEF

RELIEF REQUESTED AND SOUGHT PURSUANT TO 28 U.S.C. S 2202.

(A). TO COMPEL THE CIRCUIT COURT IN THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA IN CASE NO. 24-CF-1148, TO ENTER AN JUDGMENT OR ORDER GRANTING THE PETITIONER THE SPEEDY TRIAL VIOLATION DISCHARGED UNDER FLA. R. CRIM. P. 3.191(A)(Y) SUBDIVISON (N) BY AN FOREVER DISCHARGE OF THE CRIMES IN CASE NO. 24-CF-1148. ON PETITIONER FILED MOTION FOR DISCHARGE IN 24-CF-1148 OR BY AN INDEPENDENT CAUSE UNDER FLA. R. CRIM.P. 3.191(A)(Y) PROVISIONS IMMEDIATELY IF PRAYED DECLARATORY JUDGMENT IS GRANTED UNDER 28 U.S.C. S 2201. IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISON.

(B). TO ORDER THE OFFICE OF THE STATE ATTORNEY AT:
220 EAST BAY STREET, 6TH FLOOR JACKSONVILLE, FLORIDA 32202 TO IMMEDIATELY REMOVE OR CANCEL FILED DETAINER UNDER FLA. STAT. 941.45 UNDER THE INTERSTATE AGREEMENT ON DETAINERS IN THE FLORIDA DEPARTMENT OF CORRECTIONS ON CASE NO. 24-CF-1148 ON PETITIONER DC# B32302.

(C). AND ANY FURTHER NECESSARY AND PROPER RELIEF UNDER 28 U.S.C.S. S 2202 PROVISON AND AUTHORITY TO THE HONORABLE UNITED STATES DISTRICT COURT SEES JUST UNDER THE CIRCUMSTANCES.        PAGE 34.

# CERTIFICATE OF SERVICE

I, HEREBY CERTIFY THAT A TRUE AND CORRECT COPY HEREOF HAS BEEN FURISHED TO: STATE ATTORNEY, AT THE OFFICE OF THE STATE ATTORNEY; AT: 220 EAST BAY STREET, 6TH FLOOR JACKSONVILLE, FLORIDA 32202 BY MAIL ON DECEMBER 30, 2025 DATE.

RESPECTFULLY SUBMITTED:,

LEGAL MAIL PROVIDED

DEC 29 2025

TO WAKULLA CI FOR MAILING

LAWRENCE ALLEN DAVIS, PRO SE.
DC # B32302
WAKULLA CORRECTIONAL INSTITUTION
110 MELALEUCA DRIVE
CRAWFORDVILLE, FLORIDA 32327-4963.

PAGE 35.